**EXHIBIT A**

| | |
|---|---|
| **DISTRICT COURT**<br>**BOULDER COUNTY, COLORADO**<br><br>1777 6th Street<br>Boulder, Colorado 80302 | DATE FILED: May 24, 2018 2:46 PM<br>FILING ID: 220E7C64C2678<br>CASE NUMBER: 2018CV30478<br><br>▲ COURT USE ONLY ▲ |
| **Plaintiff:** PAMELA HILL, an individual;<br><br>v.<br><br>**Defendant:** STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois Corporation. | Case Number: |
| **Attorney for Plaintiff:**<br><br>Hillary R. Ross, #42215<br>The Bourassa Law Group<br>1099 18th Street, Suite 2880<br>Denver, Colorado 80202<br>Telephone: (303) 331-6186<br>Facsimile: (303) 331-6188<br>Email: hross@blgwins.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Pamela Hill, by and through her attorney, Hillary R. Ross of The Bourassa Law Group, hereby files this Complaint and Jury Demand and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to C.R.S. § 13-1-124(1)(a) and (d). This action is authorized by and instituted under the statutory and common law of the State of Colorado.

2. Venue is proper in this Court pursuant to Colo. R. Civ. Proc. 98(c).

**EXHIBIT A**

## PARTIES

3. Plaintiff, PAMELA HILL, is a citizen of the United States and was at all relevant times a resident of, and domiciled in, the State of Colorado, County of Boulder.

4. STATE FARM MUTUAL AUTOMOBILE INSURANCE is an Illinois corporation.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

6. On or about May 27, 2015, at approximately 4:00 p.m., Plaintiff was riding her bicycle southbound on 28th Street at Mapleton Avenue in Boulder, Colorado.

7. The road was dry, and the day was sunny.

8. Plaintiff was riding with the speed of traffic in the far right-hand lane and proceeding through the green light at Mapleton when she felt another vehicle hit her elbow and begin to shove her out of the lane.

9. The vehicle physically shoved Plaintiff into the far-right side of the lane, causing her to hit a pothole. The pothole caused her front wheel to crumple, sending her launching forward and head-first into a light pole located on the corner of 28th Street and Mapleton Avenue.

10. The driver that hit Plaintiff fled the scene and was never identified.

11. Plaintiff was severely injured as a result of the accident and was taken to Boulder Community Hospital by ambulance. Plaintiff's medical bills currently exceed $80,000.00.

12. At all times relevant to this action, Plaintiff had an automobile liability insurance policy issued by the Defendant that also provided underinsured motorist benefits pursuant to C.R.S. 10-4-609(4) in the amount of $250,000.00 (the "Policy").

13. Plaintiff timely made a claim to Defendant for benefits under the Policy.

14. Plaintiff has cooperated in Defendant's investigation of her claim by, among other things, providing Defendant with authorizations for her medical records on more than one occasion, offering to provide a recorded statement, providing information regarding potential witnesses, and providing medical records to Defendant.

15. Defendant has failed to promptly and diligently investigate Plaintiff's claim and has unreasonably denied and/or delayed payment of benefits under the Policy.

### FIRST CLAIM FOR RELIEF
**Breach of Contract**

16. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

17. Plaintiff has complied with all conditions precedent to coverage under the Policy issued by Defendant to Plaintiff.

18. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant has not been prejudiced by the failure to comply.

19. To the extent that Plaintiff has failed to comply with any of the contractual obligations, Defendant may not rely on this failure to comply because it breached one or more material obligations under the policy prior to any alleged failure to comply of Plaintiff.

20. At all times relevant to this action, Defendant owed to Plaintiff the implied duty of good faith and fair dealing in the insurance contract.

21. Defendant has breached its contract with Plaintiff by delaying payment of and denying Plaintiff uninsured motorist benefits under the Policy.

22. As a direct, proximate and foreseeable result of the Defendant's breach of contract, Plaintiff has suffered, and will continue to suffer, damages in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
**Bad Faith Breach of Insurance Contract**

23. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

24. Under Colorado law, every insurance contract contains an implied covenant of good faith and fair dealing and imposes on insurers a duty to act in good faith with their insureds.

25. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

a. Failing to give equal consideration to the interest of Plaintiff, its insured;

b. When investigating Plaintiffs claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;

c. Seeking to discover only evidence that defeated their insured's (Plaintiff's) claims;

    d. Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

    e. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

    f. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

    g. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

    h. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover;

    i. Forcing Plaintiff into the costly and lengthy process of litigation; and,

    j. Any further acts which may be discovered.

26. Defendant's conduct was unreasonable.

27. Defendant either knew its conduct was unreasonable, or recklessly disregarded the fact that the conduct was unreasonable.

28. As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in the amount to be proved at trial.

### THIRD CLAIM FOR RELIEF
**Violation of C.R.S. § 10-3-1115(1)(a) and C.R.S. § 10-3-1116(1)**

29. Plaintiff incorporates by reference each and every allegation previously made in this Complaint, as if fully set forth herein.

30. Defendant has denied and/or delayed payment of underinsured motorist benefits to Plaintiff under the Policy.

31. Defendant's denial and/or delay in payment of Plaintiff's claim for underinsured motorist benefits is without a reasonable basis.

32. Pursuant to C.R.S. 10-3-1116(1), Plaintiff is entitled to reasonable attorney's fees and two times the covered benefit.

# EXHIBIT A

WHEREFORE, Plaintiff prays for judgment against Defendant on all claims in an amount to be proved at the time of trial, interest at the highest rate allowed by law, costs, expert witness fees and such other and further relief as this Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 24th day of May, 2018.

| | |
|---|---|
| **Plaintiff's Address** | THE BOURASSA LAW GROUP, LLC |
| Pamela Hill | |
| 27037 Boulder Canyon Drive | Hillary R. Ross, #42215 |
| Nederland, Colorado 80466 | The Bourassa Law Group |
| | 1099 18th Street, Suite 2880 |
| | Denver, Colorado 80202 |
| | Telephone:    (303) 331-6186 |
| | Facsimile:    (303) 331-6188 |
| | Email:    hross@blgwins.com |